This will be called in the order listed on the docket. The first two cases, Ravello-Cabrera v. Garland and Barrera v. Garland have been submitted on the briefs. The first case on calendar for argument is Bechirian v. Pompeo. Counsel for appellants, please proceed. Thank you. Good morning, Your Honor. May it please the Court, my name is Eric Heisey. I'm here to represent the appellants in this matter. So in this case, the district court erred in denying the appellant's motion to amend its pleadings, finding that any claim was precluded by the doctrine of consular non-reviewability. This was an error. As plaintiffs, I mean, appellants are, Ms. Bechirian, a United States citizen appellant, her K-1 visa petition was revoked without providing notice and an opportunity to comment and contest the allegations upon which the revocation took place. Now, this is, you know, one ground upon which amending would have been proper. Counsel, may I ask you, is it your position that your client was never advised as to why the visa petition was revoked? The consular officer denied the visa application at the, refused the visa application at the consulate and then returned the petition to USCIS. USCIS then, during the pendency of these proceedings, issued the final notice that they terminated the visa petition, the K-1 visa petition. Isn't that a different occurrence than revocation of the petition? You couched it as revocation. Well, it's, the reason why, the reason why it's terminated is because USCIS adopted a regulation that says that after four months, they just terminate them automatically. And our position is that based on the mandatory nature of the statute, which is very similar in wording to the I-130 approval statute that this court held in between the mayorcas, creates a protectable interest under due process. It has the same mandatory approval mechanism stating that the secretary shall approve it after investigation of the facts. And those facts that need to be proven are the intent to marry and having met in the past two years. And then the agency further constrains its own discretion in that respect of the instructions provided, you can provide a sworn statement meeting those grounds. Forgive me, but it's not that your client and your client's significant other are forbidden from getting married. It's just that they can't be married in this country. Do I have that right? I mean, yeah, in terms of the I-129F, sure, yes, they can't, they can't, the beneficiary can't enter the country in order to complete the marriage. But Congress also created this process, the K-1 visa process to allow American citizens to marry their overseas fiancés in this country. And so one of the grounds in this is in the briefing was. But that's not a constitutional right. But it's there is the fundamental right to marry. And then there's this. But that's why I asked the question. I did. OK. You're not being deprived of the fundamental right to marry. They can still get married abroad. They're being deprived, arguably, of certain non-constitutional rights. But how does that constitute an exception to the non-reviewability doctrine? Well, in this case, it's the standard in Roth where the statute, that's a nondiscretionary statute, creates a protectable interest. And that's the type of statute we have here. It's the same type of statute that this court has already held has new process protections under it in the chain. Counsel? Yes. Can you cite us a case that recognizes a property interest in a visa approval? In a visa approval? That's what you're saying, that it was mandatory for the visa to be approved. So do you have a case that establishes that there is a property right in approval of a visa? For K-1 visa petition? Any visa petition. Is there a case that says that the expectation of visa approval constitutes a property interest such that due process attaches? What case says that? I would say Ching v. Mayorkas. And this court's opinion in Zerzaghi, which expanded upon Ching with the I-130 petition. That's the 8 U.S.C. 1154B. And the section of the approval mechanism for the K-1 visa is very similar in wording to the statute 1154B at issue in Ching. So the K-1 visa certainly is an issue of first impression as far as I know. But our argument is... Your answer is there is not a case that... The I-130... I'm sorry. Go ahead. There is not a case that establishes a property interest in the approval of a visa I-130 petition. There is no case. I don't want... Ching v. Mayorkas. Okay. Well, I guess I'm confused on that point because Judge Rawlinson is right. There's certainly no case dealing with the approval of a visa. You're focused on the I-129F petition. But that was granted, right? It just... It expired, you're right, because of this time limit. But are you asserting that just somehow facially the four-month time limit is unconstitutional? Is that what you're attacking? You want us to just declare that facially invalid? Well, we were saying that... ...decided that they didn't meet the standard to have the petition approved. And so with I-130 petitions, what happens is USCIS receives it back. They provide you a notice and an opportunity to rebut the grounds for revocation. That doesn't happen here. They just say it's terminated. They don't give you an opportunity. You could file a new petition, which Mr. Sharon has already done in the past, which requires a whole new fee and several years of process. So what we're saying in that respect is they should have been provided with notice and a reasonable opportunity to respond to the grounds for denial or revocation, essentially. So, Counselor, Ching addressed an I-130 petition, not a visa petition. Yes. Okay, so what in that case entitles a visa petitioner to due process? Why should that case control this situation? Well, in this situation, what has happened now is the visa application was denied. And then the visa petition was returned and terminated. The visa petition was not denied, though. It was originally approved, but then it's been terminated. But it has been terminated without an opportunity to address any grounds for termination. So in the I-130 case, they provide you an opportunity to know why they would be terminating it or revoking it, and you get an opportunity to rebut that. So now, in this case, they don't do that. USCIS doesn't provide that opportunity. So that's why we're seeking amendment here. The visa application for the Counselor Officer was denied. But at this point, because the petitions aren't even returned, there isn't even a petition before the Counselor Officer that even if this court were to rule in our favor, there is no petition right now because now we have to go back and address that, which requires that's why we're seeking amendment. So the case is slightly different now in posture than where it was when the district court actions were first initiated. And so that's, once again, the distinction between, it's confusing in some respect, the visa application for the Counselor Officer and a visa petition before USCIS. So our amendments focus on the visa petition because without that visa petition, there's no grounds for a visa application. I think both sides would agree on that. So that was the grounds. That's why amendments necessary to challenge those grounds. And one, there's the challenge. Counsel, what would be if we agree with you and allowed amendment? What would the challenge be? That the petition that's already been approved, right? And it's a non-discretionary petition has been terminated without providing notice and an opportunity to respond, which is the standard fundamentals of due process, the Mulane standard. But if the fiancee visa is not approved, aren't you back in the same spot that you were before? If revocation was upheld, yeah, obviously then. But if revocation was upheld and they, you know, Was there a revocation? You keep using the word revocation. Where was the revocation? It was terminated because the Counselor Officer returned it. That's not a revocation. But there's no grounds in the statute. There's a regulation that basically says after four months, regardless, we're going to terminate these. And we're saying that because it's a non-discretionary statute, it's entitled to due process protection. It creates a right that's protectable. All right, Counsel. You've exceeded your time. Are there any questions? We understand your argument. We'll give you one minute for rebuttal. Thank you very much. Let's hear from the government. Good morning, Your Honors. May it please the Court. I'm Assistant United States Attorney David Pincus, and I represent the defendants in this action. The ultimate issue in this case is whether Ms. Bachirian's constitutional rights were infringed. Without that finding, there is no due process. There is no process that she is due. Now, the petitioner is claiming a fundamental right to have a marriage ceremony in this country with the foreign fiance present. And no court has recognized such a right. And in fact, two circuits have said there is no such right. More precisely, he's saying that the visa was terminated without notice and an opportunity to be heard.  Your Honor, every visa, every single visa has a validity period, including this one. And I believe it's Section 1201A, I believe, or one of the subsections of 8 U.S. Code 1201, provides that Congress has delegated the determination of what the validity period for each visa should be to the agency. You can argue that it's very short, but that is not a constitutional right to have a longer period. So I don't see, as the court mentioned, without an approved visa by the State Department, there is no point in keeping a visa petition open forever. And if the problem is that they have to file again and do a new filing fee, that doesn't create a constitutional right either. So why is our decision in Qing distinguishable in your view? Well, I think there's a great distinction between married couples and fiances, for one thing. And it may have been a different validity period, I'm not sure. But I think the problem is that the Plaintiff's Counsel is conflating the concepts of termination with revocation. There is no visa that doesn't have a validity period. If we start rewriting all these, if we can rewrite, if the court can rewrite an unambiguous validity period, where do we stop? This raises serious separation of powers issues, in my opinion. If there are no further questions, I will submit on the papers and thank the court, and ask that you affirm the district court in all respects. Oh, I do want to mention one thing. There was no motion to amend in this case. The plaintiff never made one. With that, I thank the court again. Are there any further questions? All right, rebuttal, one minute. Yeah, I would just briefly, really quickly, just state that a validity period is just when they have a validity for a pending visa application. It's through the NVC. They send you a notice after a year saying, hey, if you don't let us know that you want to keep this going, we're going to terminate it. Here, this is a completely different mechanism. It's four months automatically, and there's really nothing you can do to stop it. Counselor, isn't that consistent with the statute? 8 U.S.C. section 1201C provides for that. Isn't that correct? Yes. This is the visa petition, though, right? It's approved. It's already approved, and then you apply for application. So in this case where it was originally put in an administrative process, with that same visa petition, you can go and apply for a new application, a new application from the counselor officer. And so the 1201G is the basis for the denial is basically because you didn't have sufficient evidence. Yes, because 81201C1 and 2 for immigrant visas and nonimmigrant visas says that they should be valid for such period as shall be prescribed by regulation. So if the regulation says it's only valid for six months or four months or three months or whatever the time period is, then termination at that point cannot be a constitutional violation. But that's for the visa application. That's the visa that you get approved from the counselor officer. We're talking about the petition before USCIS that was revoked. That 1201A and C there applied to the visa application at the State Department. So that's the difference is that's the visa to come enter the country, not the petition, which you have to use, which you need to apply for. I don't see that the statute makes a distinction between the immigrant visa and the nonimmigrant visa. I don't see what section of the statute are you saying makes a distinction between the non- It's the difference between the petition, which is under section title 111, and then the visa application section 1200. That's all that. That's the difference. The visa petition versus the visa application. That's the difference. The 1200 covers the application before the counselor officer. The 1100 covers the application before USCIS. We're talking about the application before USCIS only. All right. I understand your argument. Any questions? Thank you very much. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: RAWLINSON, WATFORD, Rakoff